IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-40815

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v

FERNANDO HERNANDEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-3-1
--------------------
July 10, 2001

Before KING, Chief Judge, BARKSDALE, Circuit Judge and NOWLIN,*
District Judge.

PER CURIAM:**

Defendant-Appellant Fernando Hernandez appeals his

conviction on one count of conspiracy to possess with intent to

distribute marijuana in violation of 21 U.S.C. § 846 and one

count of aiding and abetting possession with intent to distribute

approximately 37.27 kilograms of marijuana in violation of 21

U.S.C. §§ 841(a)(1)and (b)(1)(D) and 18 U.S.C. § 2.

---

* Chief Judge of the Western District of Texas, sitting by
designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hernandez claims that he was denied a fair trial because the district court commented during voir dire about the seriousness of drug crimes in general and improperly compared the quantities in other marijuana cases with the amount in this case. He argues that those comments might have led the jury to believe that Hernandez was a part of a larger drug problem by associating Hernandez with extraneous offenses committed by others. Since there was no objection to the district court's comments at trial, we review only for plain error. The district court's questions were designed to identify any biases or prejudices the potential jurors might have with respect to this case. The comments were not error, plain or otherwise.

Hernandez challenges the admission of evidence, including his oral confessions, resulting from Officer Maze's traffic stop. Hernandez failed to file a motion to suppress the evidence as mandated by Fed.R.Crim.P. 12(b)(3), and therefore, he waived his right to challenge the fruits of the stop.

Hernandez's challenge to the jury charge, reviewed here for plain error, is meritless. The charge given by the district court sufficiently advised the jury that it must find beyond a reasonable doubt that Hernandez knowingly and intentionally committed each of the offenses on which he stands convicted.

Hernandez's motion for a new trial, which was brought "in the interest of justice," and not based on newly discovered evidence, was untimely.

Hernandez also challenges the sufficiency of the evidence supporting his conviction for conspiracy to possess with intent to distribute marijuana. There is more than sufficient evidence to establish that Hernandez knowingly and voluntarily joined in an agreement with Isabel Soza and other unidentified individuals to violate the narcotics laws.

Hernandez challenges the district court's questions addressed to Agent Friday. Again, we review for plain error. Those questions were within the court's discretion to clarify evidence and were not so prejudicial as to deprive Hernandez of a fair trial. Furthermore, the district court twice instructed the jury that it should not consider the court's questions during trial as reflecting an opinion about the case.

Hernandez raises a number of claims of ineffective assistance of counsel which we do not address on direct appeal.

For the above-stated reasons, Hernandez's conviction and sentence are AFFIRMED.